NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>Plaintiff,<br><br>v.<br><br>CLERK OF THE SUPREME COURT, *et al.*,<br><br>Defendants. | Civil Action No. 21-19959 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

This matter comes before the Court upon two of Plaintiff Bezalel Grossberger's motions: *first*, a motion for clarification of the Court's Order dated February 27, 2023 (ECF No. 52), and *second*, a motion for an extension of time to file an amended complaint (ECF No. 53). None of the defendants filed opposition papers for either motion.

On February 27, 2023, following briefing by the parties and after hearing oral argument, the Court entered an Order (ECF No. 51) granting Defendants Office of Attorney Ethics, Clerk of the New Jersey Superior Court, and Clerk of New Jersey Supreme Court's motion to dismiss (ECF No. 7);[1] granting without prejudice Defendant Monmouth County Clerk's Office's motion to dismiss (ECF No. 19); granting with prejudice Defendant Clerk of the United States District Court's motion to dismiss (ECF No. 42); denying Plaintiff's motions for a permanent injunction

---

[1] Claims against the Office of Attorney Ethics were dismissed with prejudice. Claims against the Clerk of the Supreme Court of New Jersey and the Clerk of the Superior Court in their official capacities were dismissed with prejudice, although claims against them in their individual capacities were dismissed without prejudice. (ECF No. 51 ¶ 1.)

(ECF Nos. 29, 32); denying Plaintiff's order to show cause (ECF No. 36); and granting Plaintiff leave to file an amended complaint by March 24, 2023.  So, this left the potential for Plaintiff to file an amended complaint against the Clerk of the Supreme Court of New Jersey and the Clerk of the Superior Court in their individual capacities as well as against the Monmouth County Clerk's Office.

The next day, February 28, 2023, Plaintiff filed a motion for clarification of the Court's February 27 Order.  (ECF No. 52.)  The Court construes this motion as one for reconsideration.[2]

Although not expressly authorized by the Federal Rules of Civil Procedure, this District's Local Civil Rules require a party moving for reconsideration to file its motion within fourteen (14) days after the entry of the challenged order and to set "forth concisely the matter or controlling decisions which the party believes the Judge has overlooked."  L. Civ. R. 7.1(i).  Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly."  *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (citations and quotation marks omitted).  They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations and emphasis omitted).  They are "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment."  *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013).  And it is improper to "ask the court to rethink what it ha[s] already thought through—rightly or wrongly."  *Lynch,*

---

[2]  "Motions for clarification are often evaluated under the standard for a motion for reconsideration in this jurisdiction."  *Lynch v. Tropicana Prod., Inc.*, Civ. No. 11-07382, 2013 WL 4804528, at *1 (D.N.J. Sept. 3, 2013) (collecting cases).

2013 WL 4804528, at *1 (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

Plaintiff timely filed his motion the day after the Court entered its Order. In his motion, Plaintiff expresses "surprise[] at the lack of opportunity for 'argument'" and simply repeats his unsuccessful arguments against dismissal and in support of his request for injunctive relief. (ECF No. 52 at 1.[3]) Plaintiff notes that "it is possible the court failed to comprehend the interest plaintiff ha[s] in these State complaints or the reasons given by the State Actors, for refusing to proceed at the County District Court," adding that "it is difficult to comprehend the basis for which the court denied [Plaintiff's] various motions seeking injunctive relief or requesting the Federal Court to assume Original Jurisdiction." (*Id.* at 1-2.) Plaintiff does not, however, identify any intervening change in relevant law, new evidence that was unavailable at the time this Court entered the February 27 Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice. These deficiencies are fatal to Plaintiff's motion.

Next is Plaintiff's motion for an extension of time to file an amended complaint. In the February 27 Order, the Court granted Plaintiff leave to file an amended complaint by March 24, 2023. (ECF No. 51 ¶ 6.). On March 20, 2023, Plaintiff requested an extension of the time to file an amended complaint pending the Court's decision on his motion for clarification. (ECF No. 53-1 at 1; ECF No. 53-2 at 1.)

For the reasons set forth above, and other good cause shown,

---

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

**IT IS** on this 12th day of September 2023, **ORDERED** as follows:

1. Plaintiff's motion for clarification (ECF No. 52) is **DENIED**.

2. Plaintiff's motion for an extension to file an amended complaint is **GRANTED in part** and **DENIED in part**. Plaintiff shall have thirty (30) days from the date of this Order to file a motion for leave to file an amended complaint, which shall include a copy of his proposed amended complaint. Failure to file a motion for leave within that time will render the prior dismissals with prejudice or final. *See Mann v. A.O. Smith Corp.*, Civ. No. 21-2361, 2023 WL 2344225, at *2 (3d Cir. Mar. 3, 2023) ("A district court's dismissal without prejudice for failure to state a claim is converted into a dismissal with prejudice if plaintiff 'declar[es] his intention to stand on his complaint' by failing to timely amend it. . . ."); *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) ("When that 30-day period expired, the District Court's decision became final.").

3. The Clerk's Office is directed to **TERMINATE** Plaintiff's motions (ECF Nos. 52, 53) and **CLOSE** this case. Upon receipt of a motion for leave within the time allotted by this Court, the Clerk shall reopen this case.

          *s/ Georgette Castner*
          **GEORGETTE CASTNER**
          **UNITED STATES DISTRICT JUDGE**