<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>Plaintiff,<br><br>v.<br><br>CLERK OF THE SUPREME COURT, *et al.*,<br><br>Defendants. | Civil Action No. 21-19959 (GC) (JTQ)<br><br>**<u>MEMORANDUM ORDER</u>** |

**<u>CASTNER, District Judge</u>**

**THIS MATTER** comes before the Court upon Plaintiff Bezalel Grossberger's Motion for a Protective Order and Motion for Mandamus. (ECF Nos. 75, 76, 90.[1]) The Court has carefully reviewed Plaintiff's submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motions are **DENIED**.

**I.     <u>BACKGROUND</u>[2]**

Plaintiff alleges that Defendants Clerk of the New Jersey Supreme Court, Clerk of the New Jersey Superior Court, and the Monmouth County Clerk "conspired with each other and colluded with unnamed parties, to ensure that [P]laintiff never has any recourse to file any form of complaint

---

[1] On September 12, 2024, the Court denied Plaintiff's Motion for a Protective Order (ECF No. 75) and Motion for Mandamus (ECF No. 76) without prejudice because there was no operative pleading at that time. (ECF No. 85.) The Magistrate Judge subsequently granted Plaintiff leave to file an Amended Complaint. (ECF No. 88.) After Plaintiff filed his Amended Complaint (ECF No. 89), Plaintiff renewed his prior Motions (ECF No. 90).

[2] The factual background is drawn from Plaintiff's Amended Complaint, the operative pleading. (ECF No. 89.)

at any State Court or quasi-judicial State authority." (ECF No. 89 at 1.[3]) Plaintiff appears to take issue with having his filings in New Jersey state court labelled frivolous and therefore subject to screening and/or rejection prior to docketing.[4] (*Id.* at 2.) Plaintiff also appears to take issue with various "abnormalities" regarding the screening of his filings. (*Id.* at 4.) Finally, Plaintiff appears to challenge the recording of certain deeds by the Monmouth County Clerk's Office. (*Id.* at 3-4.)

Plaintiff asserts the following causes of action: "Denial of Plaintiffs' First and Fourth Amendment Rights to access the court"[5] (Count 1); "Conspiracy to deny plaintiff his First and Fourteenth Amendment Right" (Count 2); "Denial of Equal Protection of the Laws" (Count 3); "Retaliation" (Count 4); "RICO" (Count 5); "Deprivation of Property Rights" (Count 6); "Without Due Process of Law" (Count 7); "Substantive Due Process" (Count 8); "Discrimination Animus" (Count 9); malicious abuse of process (Count 10); malicious prosecution (Count 11); and defamation (Count 12).[6]

---

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4] *See Grossberger v. State*, No. A-2661-16T3, 2018 WL 4309414, at *1 (N.J. Super. Ct. App. Div. Sept. 11, 2018) ("Under [New Jersey Court] Rule 1:4-8(b)(3), the trial court on its own initiative can impose sanctions upon a *pro se* party for filing frivolous litigation.").

[5] The Court has subject matter jurisdiction under 28 U.S.C. § 1331. Although Plaintiff does not specifically cite to any federal statutes in his Amended Complaint, courts have found allegations of constitutional violations made by *pro se* litigants to be sufficient for purposes of federal question jurisdiction. *See, e.g.*, *Hull v. Mallon*, Civ. No. 00-5698, 2001 WL 964115, at *1 (E.D. Pa. Aug. 21, 2001) ("Although plaintiff makes no reference to 42 U.S.C. § 1983, he does allege constitutional violations in a context sufficient to support original subject matter jurisdiction.").

[6] Plaintiff also asserts that "[a]dditional counts may be forthcoming, pending disposition of the matters within by an Order or denial thereof, entering declaratory judgment and injunctive relief," which he labels as "Count 13."

## II.   DISCUSSION

### A.   **Preliminary Injunction**[7]

Preliminary injunctive relief "is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted). A primary purpose of a preliminary injunction is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). A plaintiff seeking a preliminary injunction must establish that (1) he is reasonably likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3rd Cir. 2017); *see also HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, at *7 (D.N.J. June 2, 2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Because a 'preliminary injunction is an extraordinary and drastic remedy,' the movant bears the burden of making 'a clear showing.'" *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (emphasis in original).

Plaintiff submits that Defendants have "ordered" that Plaintiff "be arrested and incarcerated without further notice, for the 'crime' of exercising his First Amendment Rights to seek recourse

---

[7]   Because Plaintiff seeks injunctive relief, the Court construes Plaintiff's request for a "protective order" as a request for a preliminary injunction. *See Eads v. United States*, Civ. No. 19-18394, 2023 WL 6307433, at *3 (D.N.J. Sept. 27, 2023) (construing various motions brought by a *pro se* plaintiff, including a motion for a protective order, as a motion for a preliminary injunction); *Wright v. Lane*, Civ. No. 08-00040, 2009 WL 511036, at *1 (E.D. Ark. Feb. 11, 2009) ("[The p]laintiff's [m]otion for a [p]rotective [o]rder seeks only injunctive relief, the [c]ourt will construe it as a [m]otion for a [p]reliminary [i]njunction."). Indeed, Plaintiff even recites the standard for obtaining preliminary injunctive relief. (*See* ECF No. 75 at 4-7.)

from wrong, by filing an actionable submission at the appropriate State office." (ECF No. 75 at 2.) In support, Plaintiff submits a heavily redacted order, issued by the Superior Court of New Jersey, which states as follows: "Any future attempted filings [redacted] by this litigant against [redacted] defendant may be subject to the imposition of monetary sanctions or be subject to an Order for arrest and incarceration to deter the filing of frivolous, vexatious, meritless and unsubstantiated claims." (ECF No. 75-2.) The case caption, docket number, and most of the text of the order are redacted by Plaintiff, but the Court located what appears to be the unredacted Order and may take judicial notice of it. *See Maiden v. N. Brunswick Twp. Sch. Dist.*, Civ. No. 19-18768, 2020 WL 3546809, at *2 (D.N.J. June 30, 2020) ("A federal court may take judicial notice of the contents of another court's docket." (quoting *West v. Ortiz*, Civ. No. 16-8701, 2018 WL 2165324, at *2 (D.N.J. May 10, 2018))).

The Order states that it was issued in response to Plaintiff making numerous proposed disorderly conduct and criminal complaints against a particular individual in municipal court. *See* Application to File Complaint in Toms River Township Municipal Court, *In re: Bezalel Grossberger*, Dkt. No. OCN-L-2333-22 (N.J. Super. Ct. Law Div. Mar. 20, 2024), Trans ID: LCV2024722699. The court concluded that there was no probable cause for the repeated proposed criminal complaints. *Id.* As a result, the Order provides that Plaintiff may be arrested for any future municipal court filings against that defendant. *Id.* The Order gives Plaintiff the right to appeal his finding to the New Jersey Appellate Division within 45 days. *Id.*

In moving for preliminary injunctive relief, Plaintiff seeks, among other things, an order that "[a]ny directive that may have issued or is about to issue against the named plaintiff in the form of a sanction or threat thereof; by any New Jersey State agency, not limited to the Judiciary, constitutes violation of" 42 U.S.C. § 1985. (ECF No. 75-3.)

4

While Plaintiff recites the standard for preliminary injunctions, he does not explain why he is likely to succeed on the merits of his underlying claims. As a result, the Court finds that Plaintiff has not met his burden with respect to the first prong of the preliminary injunction analysis. *See Thompson v. Dep't of Corr.*, Civ. No. 19-16391, 2022 WL 18108399, at *14 (D.N.J. Dec. 30, 2022) (denying *pro se* plaintiff's motion for a preliminary injunction for, among other reasons, a failure to "present[] any argument as to his likely success on the merits of his claims"); *Graziano v. Pa. Dep't of Corr.*, Civ. No. 22-00163, 2022 WL 22909407, at *1 (W.D. Pa. Nov. 14, 2022) ("The motion does not address any of the claims asserted in [the plaintiff's] complaint, and thus fails to show that he will likely prevail on the merits.").

Nor has Plaintiff shown that he faces irreparable harm in the absence of a preliminary injunction. Plaintiff seeks, among other things, an order declaring that actions taken against him by state courts and state officials violate his civil rights and are void. (ECF No. 75-3.) Plaintiff suggests that such relief is necessary because Defendants have threatened to arrest Plaintiff for contempt if he files frivolous litigation. (ECF No. 75 at 2-3; ECF No. 75-2.) However, Plaintiff does not explain why such a contempt order would be improper. *See Nat'l Land & Inv. Co. v. Specter*, 428 F.2d 91, 101 (3d Cir. 1970) (Seitz, J., concurring) ("[I]rreparable harm alone does not entitle plaintiffs to relief from a federal court; it must be shown that the harm is being caused by some unconstitutional or illegal action.").

Indeed, the New Jersey Appellate Division has left open the possibility that frivolous litigants could potentially be arrested for contempt. *See Rosenblum v. Borough of Closter*, 755 A.2d 1184, 1188 (N.J. Super. Ct. App. Div. 2000) ("We recognize that a litigant cannot be incarcerated for his inability to pay a money sanction. We do not herein address whether a litigant can be held in contempt and incarcerated for willfully filing frivolous litigation after being directed

5

not [to] do so."). Plaintiff's vexatious litigation conduct has been well documented by both state and federal courts. *See, e.g.*, *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) ("It is clear that Grossberger is unhappy with the District Court's decision to dismiss his case, and apparently he has made it his goal to change the Court's mind. But in the process, he has established a pattern of groundless and vexatious litigation. . . . Grossberger's filings are not only numerous, they are also without any merit.") (internal citation and quotation marks omitted); *Grossberger v. Div. of L.*, Civ. No. 21-12102, 2023 WL 7110619, at *5 (D.N.J. Oct. 17, 2023) ("[B]ased on the piecemeal exhibits Plaintiff has filed, the [New Jersey] Superior Court placed a *Rosenblum* restraint and dismissed Plaintiff's complaints filed thereafter to deter Plaintiff from 'continuing [a] pattern of frivolous, vexatious[,] and harassing litigation' and to save judicial resources."); *Grossberger v. State*, No. A-2661-16T3, 2018 WL 4309414, at *1 (N.J. Super. Ct. App. Div. Sept. 11, 2018) (affirming trial court's rejection of Plaintiff's complaint as "part of a continuing series of frivolous and vexatious applications to the [c]ourt."); *Gross v. Cormack*, No. A-3686-18T2, 2020 WL 2846624, at *1 (N.J. Super. Ct. App. Div. June 2, 2020)[8] (affirming trial court's rejection of Plaintiff's filings, which were "designed to perpetuate the pattern of frivolous litigation [P]laintiff has engaged in on prior matters").

Moreover, the Court's power to grant the requested relief is in doubt because "federal courts normally may not issue injunctions against state-court judges or clerks." *Carroll v. Walk*, Civ. No. 23-2187, 2023 WL 4274987, at *5 (E.D. Pa. June 29, 2023) (citing *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021)). Regardless, Plaintiff has not "demonstrated the prospect of irreparable injury for which he does not have other legal remedies," such as an appeal in New

---

[8] Plaintiff is also known as "Ben Gross."

Jersey state court. *Zaklama v. City of Bayonne*, Civ. No. 06-1951, 2007 WL 63998, at *3 (D.N.J. Jan. 5, 2007). For these reasons, Plaintiff has not shown that he is likely to suffer irreparable harm.

Since Plaintiff has not shown that he is likely to succeed on the merits or that he will suffer irreparable harm in the absence of a preliminary injunction, the Court will not address the last two factors. *See Spring Creek Rehab. & Nursing Ctr. LLC v. Nat'l Lab. Rels. Bd.*, Civ. No. 24-09016, 2024 WL 4563789, at *2 (D.N.J. Oct. 24, 2024) ("Only when a plaintiff has sufficiently met the first two prongs, does the Court consider the third prong relating to the possibility of harm to other parties and finally, evaluate whether public interest is served by granting injunctive relief.") (citation omitted).

Accordingly, Plaintiff's Motion for a Preliminary Injunction is denied.

**B.      Motion for Mandamus**

Plaintiff claims that he moved to intervene in a New Jersey state court case, Dkt. No. ESX-L-6739-19, but his motion to intervene was denied. Plaintiff appealed, but the New Jersey Appellate Division dismissed Plaintiff's appeal. Considering Plaintiff's "repetitive and frivolous filings," the Appellate Division entered an order directing the Clerk "not to accept any further submissions involving ESX-L-6739-19 from [Plaintiff] without the approval of the Presiding Judge for the Administration of the Appellate Division." (ECF No. 76-2.) Plaintiff seeks a writ of mandamus to compel the New Jersey Appellate Division to process his appeal in ESX-L-6739-19, along with "any other appeal submitted." (ECF No. 76-5 at 1.)

"Traditionally, the writ of mandamus has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000) (cleaned up). However, it is well settled that principles of comity and federalism ensure that a federal court "ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." *In re Grand Jury*

7

*Proc.*, 654 F.2d 268, 278 (3d Cir. 1981); *In re Marchisotto*, 814 F. App'x 725, 726 (3d Cir. 2020) ("[A] federal court may not issue a writ of mandamus to compel action by a state court or state official."); *In re Cannon*, 740 F. App'x 19, 20 (3d Cir. 2018) ("[F]ederal courts generally lack jurisdiction to compel action by a state court."). The Court is therefore without power to grant Plaintiff's requested relief.

Accordingly, Plaintiff's Motion for Mandamus is denied.

### III.   CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

**IT IS** on this 9th day of May, 2025 **ORDERED** as follows:

1. Plaintiff's Motion for a Protective Order (ECF Nos. 75 & 90) is **DENIED**.
2. Plaintiff's Motion for Mandamus (ECF Nos. 76 & 90) is **DENIED**.
3. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 90.
4. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order via Regular U.S. Mail.

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE