<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>                  Plaintiff,<br><br>     v.<br><br>CLERK OF THE SUPREME COURT, *et al.*,<br><br>                  Defendants. | Civil Action No. 21-19959 (GC) (JTQ)<br><br>**<u>MEMORANDUM OPINION</u>** |

**<u>CASTNER, District Judge</u>**

**THIS MATTER** comes before the Court upon two Motions filed by Defendants. First, the Clerk of the New Jersey Superior Court and the Clerk of the New Jersey Supreme Court (the State Defendants) moved to dismiss Plaintiff Bezalel Grossberger's Amended Complaint (ECF No. 89) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(1) and 12(b)(6). (ECF No. 98.) Second, the Monmouth County Clerk moved for judgment on the pleadings pursuant to Rule 12(c). (ECF No. 102.) Grossberger opposed the Motions, and the Monmouth County Clerk replied. (ECF Nos. 105, 106.) Also pending are Grossberger's Motion to Stay Pending Appeal and Motion for Third Circuit Jurisdiction. (ECF Nos. 109, 119.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motions (ECF Nos. 98, 102) are **GRANTED**. Grossberger's Motion to Stay Pending Appeal and Motion for Third Circuit Jurisdiction (ECF Nos. 109, 119) are **DENIED** as moot.

## I.    BACKGROUND[1]

### A.    Factual Background

Plaintiff Bezalel Grossberger alleges that the State Defendants "conspired with each other and colluded with unnamed parties, to ensure that [P]laintiff never has any recourse to file any form of complaint at any State Court or quasi-judicial State authority." (ECF No. 89 at 1.[2]) Specifically, Grossberger objects to his filings in New Jersey state court being labeled frivolous and therefore subject to screening and/or rejection prior to docketing.[3] (*Id.* at 2.) According to Grossberger, "[i]n the past 10 years, almost without exception, every single submission is deemed frivolous without process of law." (*Id.* at 3.) Grossberger claims his filings were marked frivolous without a hearing or an explanation.[4] (*Id.*)

---

[1] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] *See Grossberger v. State*, 2018 WL 4309414, at *1 (N.J. Super. Ct. App. Div. Sept. 11, 2018) ("Under [New Jersey Court] Rule 1:4-8(b)(3), the trial court on its own initiative can impose sanctions upon a *pro se* party for filing frivolous litigation."); *Grossberger v. Div. of L.*, Civ. No. 21-12102, 2023 WL 7110619, at *4 (D.N.J. Oct. 17, 2023) ("The court in [*Rosenblum v. Borough of Closter*, 755 A.2d 1184 (N.J. Super. Ct. App. Div. 2000)] found that a litigant, including a pro se litigant, can be prevented from filing a complaint when the plaintiff's prior litigation demonstrates a pattern of frivolous pleadings, as long as the Assignment Judge reviewed the complaint and is satisfied that it has no merit, and traditional sanctions have not provided a deterrent to the plaintiff.").

[4] Separately, the United States Court of Appeals for the Third Circuit has upheld the imposition of a filing injunction against Grossberger by a court in this district. *See Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) ("It is clear that Grossberger is unhappy with the District Court's decision to dismiss his case, and apparently he has made it his goal to change the Court's mind. But in the process, he has 'established a pattern of groundless and vexatious litigation.' . . . Grossberger's filings are not only numerous, they are also without any merit.") (internal citation omitted).

Grossberger also alleges that there were various "abnormalities" regarding the screening of his filings. (*Id.* at 3.) For instance, he claims that he received "mailings in hand-written envelopes without stamps" and "return address [being the] same as [the] addressee." (*Id.* at 3.) As for the "rare" hearings in his cases, Grossberger claims that these proceedings were "not conducted normally" in that "parties may not be sworn in, need not stand when addressing the court; and the court opens with adversary despite the rules providing 'movant is heard first.'" (*Id.* at 3-4.)

Separately, Grossberger appears to challenge the recording of certain deeds by the Monmouth County Clerk. (*Id.* at 5.) According to Grossberger, the Clerk "filed [deeds] that are facially apparent as un-recordable," and Grossberger claims he has standing to challenge those deeds as an "interested party." (*Id.*) Grossberger apparently believes he has a right to the property that was the subject of the challenged deeds, as he "invested great effort to consummate the purchase through his assignee."[5] (ECF No. 89-7 at 4.) In an attachment to his Amended Complaint labeled "Motion for Leave to File an Amended Complaint Within Time," Grossberger asserts that the original owner of the property "prepared a Deed and Hud-1 statement, but ultimately refused to proceed with the sale without coherent explanation." (*Id.*) Grossberger alleges that the property was sold to another buyer. (*See id.* at 4-5.)

B.   **Procedural Background**

On April 16, 2020, Grossberger commenced his suit in the Superior Court of New Jersey, Chancery Division, Mercer County. (ECF No. 1 at 2 n.1.) On October 8, 2021, Plaintiff filed an Amended Complaint in state court. Grossberger named the following Defendants in his Amended Complaint: "Clerk of the Supreme Court"; "Clerk(s) of the Superior Court"; "Clerk(s) of the

---

[5]   The property at issue is located at 413 Oak Glen Road in Howell, NJ 07333. (ECF No. 89-7 at 4.)

Municipal Court"; "County Clerk(s)"; "Office of Attorney Ethics"; "State Prosecutors office"; "County Prosecutors office"; and "Clerk of the United States District Court." (ECF No. 1-2 at 3-4.) On November 12, 2021, Defendant Clerk of the United States District Court removed the matter to this Court under 28 U.S.C. § 1442. (ECF No. 1.) Grossberger thereafter sought the issuance of a temporary restraining order, (ECF Nos. 24-27), which the Court denied, (ECF No. 39).

Defendants moved to dismiss Grossberger's Amended Complaint. (ECF Nos. 7, 19, 42.) Grossberger also filed four Motions for a Permanent Injunction and an Application for an Order to Show Cause. (ECF Nos. 29-32, 36.) On February 27, 2023, the Court dismissed the following claims with prejudice: (i) all claims against the Office of Attorney Ethics; (ii) claims against the Clerk of the Supreme Court and the Clerk of the Superior Court in their official capacities; and (iii) all claims against the Clerk of the United States District Court. (ECF No. 51.) The Court dismissed without prejudice: (i) claims against the Clerk of the Supreme Court and the Clerk of the Superior Court in their individual capacities; and (ii) claims against the Monmouth County Clerk. (*Id.*) The Court denied Grossberger's requests for injunctive relief, but it granted him leave to file an amended complaint by March 24, 2023. (*Id.*)

The next day, Grossberger filed a "Motion for Clarification." (ECF No. 52.) Then, on March 20, 2023, Grossberger sought an extension of time to file his amended complaint pending the Court's resolution of his Motion for Clarification. (ECF No. 53.) On September 12, 2023, the Court denied Grossberger's Motion for Clarification, construing it as a reconsideration request. (ECF No. 55.) However, the Court granted in part Grossberger's request for an extension of time

4

to file an amended complaint, permitting Grossberger to seek leave to file an amended complaint within 30 days.[6] (*Id.*)

Over a span of two months, Grossberger proceeded to file eight motions seeking leave to amend his complaint. (ECF Nos. 62, 63, 64, 65, 67, 68, 69, 71.) As noted by the Magistrate Judge, "[e]ach motion is somewhat different and each contains a copious number of exhibits." (ECF No. 73.) On April 2, 2024, the Magistrate Judge terminated all of Grossberger's pending motions and directed him to "file a single motion for leave to amend." (*Id.*) The Magistrate Judge further ordered that any motion for leave to amend "***must*** include a proposed amended complaint." (*Id.* (emphasis in original).)

Next, Grossberger filed two motions seeking injunctive relief—a "Motion for a Protective Order" (ECF No. 75) and a "Motion for Mandamus" (ECF No. 76)—both of which this Court denied because there was no operative complaint at the time, (ECF No. 85). On June 6, 2024, Grossberger filed a Motion for Leave to Amend. (ECF No. 77.) The Magistrate Judge denied this Motion because, despite Grossberger being previously ordered to file a proposed amended complaint, it was "simply unclear to the Court which documents are motion papers and which documents, if any, are intended to comprise a proposed Amended Complaint." (ECF No. 86.) The Magistrate Judge granted Grossberger until December 2, 2024 to file a renewed motion for leave to amend. (*Id.*) Grossberger timely filed his renewed Motion for Leave to Amend, (ECF No. 87), which the Magistrate Judge granted as unopposed, (ECF No. 88).

---

[6] Grossberger filed an appeal of the Court's September 12, 2023 Memorandum Order, but the Third Circuit dismissed the appeal because Grossberger did not pay the filing fee. (ECF No. 72.)

Grossberger asserts the following causes of action in his operative Amended Complaint: "Denial of Plaintiffs' First and Fourth Amendment Rights to access the court"[7] (Count 1); "Conspiracy to deny plaintiff his First and Fourteenth Amendment Right" (Count 2); "Denial of Equal Protection of the Laws" (Count 3); "Retaliation" (Count 4); "RICO" (Count 5); "Deprivation of Property Rights" (Count 6); "Without Due Process of Law" (Count 7); "Substantive Due Process" (Count 8); "Discrimination Animus" (Count 9); "Malicious Abuse of Process" (Count 10); "Malicious Prosecution" (Count 11); and "Defamation" (Count 12).[8] (ECF No. 89.)

After the Court accepted Grossberger's Amended Complaint (*id.*), Grossberger moved to renew his requests for injunctive relief that the Court previously denied for lack of an operative pleading, (ECF No. 90). The Court denied Grossberger's Motions, and he appealed. (ECF No. 107.) While Grossberger's appeal was pending, Grossberger filed a Motion for a Stay (ECF No. 109) and a Motion for Third Circuit Jurisdiction (ECF No. 119). On November 4, 2025, the Third Circuit summarily affirmed this Court's Order denying Grossberger's requests for injunctive relief, concluding that Grossberger's appeal did not present a substantial question. *See Grossberger v. Clerk of the Supreme Court*, No. 25-1925, at ECF No. 11 (3d Cir. Nov. 4, 2025).

---

[7]   Although Grossberger does not specifically cite to any federal statutes in his Amended Complaint, courts have found allegations of constitutional violations made by *pro se* litigants to be sufficient for purposes of federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *Hull v. Mallon*, Civ. No. 00-5698, 2001 WL 964115, at *1 n.1 (E.D. Pa. Aug. 21, 2001) ("Although plaintiff makes no reference to 42 U.S.C. § 1983, he does allege constitutional violations in a context sufficient to support original subject matter jurisdiction.").

[8]   Grossberger also asserts that "[a]dditional counts may be forthcoming, pending disposition of the matters within by an Order or denial thereof, entering declaratory judgment and injunctive relief," which he labels as "Count 13."

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents . . . attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Recom Solar, LLC*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

### B. Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

In deciding a Rule 12(b)(6) motion, the court can only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). A court may also consider any document "integral to or explicitly relied upon in the complaint" when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### C. Rule 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will not be granted unless the movant 'clearly establishes there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law.'" *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In considering a motion for judgment on the pleadings, [the Court] must accept as true all facts presented in the complaint and answer and draw all reasonable inferences in favor of the non-moving party. . . ." *Id.* (citation omitted). The Court "does not consider matters outside the pleadings." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004); *see also Bedoya*, 914 F.3d at 816 n.2. If the Court considers matters outside of the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and the Court must give notice to all parties. Fed. R. Civ. P. 12(d). However, the Court may consider "(1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint" without converting the motion to one for summary judgment. *Dovale v. Marketsource, Inc.*, Civ. No. 05-2872, 2006 WL 2385099, at *5 (D.N.J. Aug. 17, 2006). "In challenging lack of subject matter jurisdiction on a Rule 12(c) motion, the court will treat a motion for judgment on the pleadings based upon a lack of subject matter jurisdiction as a Rule 12(b)(1) motion to dismiss the complaint." *Martin v. Piserchia*, Civ. No. 23-21669, 2024 WL 3812071, at *3 (D.N.J. Aug. 14, 2024) (citation modified).

### III. DISCUSSION

#### A. The Monmouth County Clerk

Defendant Monmouth County Clerk argues that Grossberger lacks standing to assert claims against it for filing deeds related to the property Grossberger previously sought to purchase. The Court agrees that dismissal is warranted on this basis.[9]

Article III of the United States Constitution limits a federal court's jurisdiction to actual cases or controversies. U.S. Const., art. III, § 2, cl. 1. The doctrine of Article III standing is "an additional limitation on the federal judicial power derived from the case-or-controversy requirement," which prohibits courts from issuing "advisory opinions." *Lutter v. JNESO*, 86 F.4th 111, 123-24 (3d Cir. 2023). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). To have standing, a plaintiff must "allege: 1) an injury in fact; 2) causation; and 3) redressability." *In re Liquid Aluminum Sulfate Antitrust Litig.*, Civ. No 16-2687, 2017 WL 3131977, at *18 (D.N.J. July 20, 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

The Monmouth County Clerk asserts that Grossberger has failed to allege an injury in fact. (ECF No. 102-1 at 13.) This is so, the Monmouth County Clerk argues, because "[n]owhere in the Amended Complaint does [Grossberger] allege, or even contend, that he had a legal right or entitlement to purchase the property." (ECF No. 102-1.) To allege an injury in fact, a plaintiff

---

[9] To the extent the Monmouth County Clerk asserts in its Motion for Judgment on the Pleadings that Grossberger lacks standing to pursue his claims, the Court analyzes the Motion under a Rule 12(b)(1) standard. *See Ricciardi Fam. LLC v. U.S. Postal Serv.*, Civ. No. 10-3133, 2011 WL 3022521, at *2 (D.N.J. July 22, 2011) ("A Rule 12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction is treated as a Rule 12(b)(1) motion to dismiss the complaint.") (citation omitted).

must allege that he suffered "an invasion of a legally protected interest which is 'concrete and particularized' and 'actual or imminent,' rather than 'conjectural or hypothetical.'" *Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 524 (3d Cir. 2018) (citation modified). In Grossberger's opposition brief, he makes vague assertions about his "investments" in the property, which he claims give him a right to challenge the recorded deeds. (*See* ECF No. 105 at 1.) But as correctly noted by the Monmouth County Clerk, Grossberger provides no details about any such investment in his Amended Complaint. (ECF No. 106 at 2; *see generally* ECF No. 89.) At bottom, Grossberger takes issue with the Monmouth County Clerk for recording a deed to a property that Grossberger wanted to purchase at some point in the past. Grossberger's allegations are insufficient for standing purposes.[10] *See Penn., Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 156 (3d Cir. 2012) ("[V]ague and indefinite allegations are inadequate to establish injury-in-fact.").

Accordingly, Grossberger's claims against the Monmouth County Clerk are dismissed without prejudice.[11]

---

[10] Even if Grossberger had plausibly alleged an injury, he has not alleged that any such injury was caused by the Monmouth County Clerk. *See Wayne Land & Min. Grp. LLC*, 894 F.3d at 524 (3d Cir. 2018) (noting that to show standing "there must be a causal link between the injury and the allegedly improper conduct").

[11] *See Schaller v. U.S. Soc. Sec. Admin.*, 844 F. App'x 566, 573 (3d Cir. 2021) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal . . . should [be] without prejudice.") (citation omitted) (alterations in original). The Court does not reach the Monmouth County Clerk's remaining arguments for judgment on the pleadings because the Court concludes that Grossberger lacks standing. *See Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 164 n.7 (3d Cir. 2017) ("[T]he absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits[.]").

**B.     The State Defendants**

The State Defendants argue that the claims against them—for allegedly refusing to file documents submitted by Grossberger—should be dismissed because they are shielded by absolute immunity. The Court agrees.

"Quasi-judicial immunity attaches to public officials whose roles are functionally comparable to that of a judge." *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (internal quotation marks omitted). In determining whether a government actor was fulfilling a quasi-judicial role, courts "examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted" and "the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (quoting *Forrester v. White*, 484 U.S. 219, 224 (1988)). The quasi-judicial immunity analysis focuses on the "general nature of the challenged action, without inquiry into such specifics as the [official's] motive or the correctness of his or her decision." *Gallas v. S. Ct. of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000); *see also Keystone Redevelopment Partners, LLC*, 631 F.3d at 95 ("Thus, in evaluating whether quasi-judicial immunity grants immunity to a particular official, a court inquires into the official's job function, as opposed to the particular act of which the plaintiff complains." (internal quotation marks omitted)). Like judicial immunity, quasi-judicial immunity is "absolute." *Keystone Redevelopment Partners, LLC*, 631 F.3d at 95.

Grossberger alleges that the State Defendants are liable for carrying out a pre-filing injunction issued against him by a New Jersey state court judge. (*See* ECF No. 89 at 2 ("The Clerk of the Supreme Court has adopted a policy to reject any of [Grossberger's] submissions. . . . This is accomplished by conspiring with the Chief Judge of that court[.]").) However, "[t]he Third Circuit has found . . . that clerks of the Superior Court are entitled to 'absolute quasi-judicial

12

immunity for [their] actions taken in [their] capacity as [a] [c]lerk of the Superior Court.'" *Grossberger*, 2023 WL 7110619, at *3 (D.N.J. Oct. 17, 2023) (quoting *Nemeth v. Off. of Clerk of Superior Ct. of N.J.*, 837 F. App'x 924, 928 (3d Cir. 2020) (alterations in *Grossberger*)); *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 772 (3d Cir. 2000) (holding that court personnel are immune from suit for carrying out court orders).

And as relevant here, the Third Circuit has held that court personnel implementing orders not to accept a litigant's filings are protected by absolute quasi-judicial immunity. *See Funches v. Bucks Cnty.*, 586 F. App'x 864, 868 (3d Cir. 2014); *see also Sawyer v. Gorman*, 317 F. App'x 725, 728 (10th Cir. 2008) ("Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, 'where their duties had an integral relationship with the judicial process.' . . . In rejecting, pursuant to a court order, [the plaintiff's] pro se filing, [the clerk] was acting 'as an official aide of the judge,' and is accordingly absolutely immune[.]") (internal citations omitted). Indeed, in affirming this Court's denial of Grossberger's requests for injunctive relief, the Third Circuit observed that "to the extent that [Grossberger's] claims can be deciphered, it appears that the defendants may be immune from suit." *Grossberger*, No. 25-1925, at ECF No. 11 (3d Cir. Nov. 4, 2025) (citing *Gallas*, 211 F.3d at 772). For these reasons, the Court agrees that the State Defendants are absolutely immune from suit.

Accordingly, Grossberger's claims against the State Defendants are dismissed with prejudice.[12]

---

[12] Because the Court dismisses Grossberger's claims on the basis of quasi-judicial immunity, the Court need not reach the State Defendants' other arguments for dismissal.

13

## IV.  CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motions (ECF Nos. 98, 102) are **GRANTED**. Grossberger's claims against the Monmouth County Clerk are **DISMISSED** without prejudice, and his claims against the State Defendants are **DISMISSED** with prejudice. Grossberger's Motion to Stay Pending Appeal (ECF No. 109) and Motion for Third Circuit Jurisdiction (ECF No. 119) are **DENIED** as moot.[13] An appropriate Order follows.

Dated: November 25, 2025

*(signature)*

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[13] The Third Circuit decided Grossberger's appeal—which was the subject of Grossberger's Motions—on November 4, 2025. *See Grossberger*, No. 25-1925, at ECF No. 11.