<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>Plaintiff,<br><br>v.<br><br>CLERK OF THE SUPREME COURT, *et al.*,<br><br>Defendants. | Civil Action No. 21-19959 (GC) (JTQ)<br><br><u>**MEMORANDUM ORDER**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Bezalel Grossberger's Motion to Remand. (ECF No. 123.) The Court has carefully reviewed Plaintiff's submission and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b); and

**WHEREAS** on November 25, 2025, the Court dismissed all of Grossberger's claims. (*See* ECF No. 122 (dismissing claims against the Clerk of the New Jersey Superior Court and the Clerk of the New Jersey Supreme Court with prejudice and dismissing claims against the Monmouth County Clerk without prejudice)); and

**WHEREAS** Grossberger asserts that he "is suffering from the actions of the numerous defendants named throughout the case and is seeking to return to State Court where he originally sued." (ECF No. 123 at 7); and

**WHEREAS** a motion to remand is moot if no active claims remain in a case. *See, e.g.*, *Fiorillo v. Lana*, 186 F. Supp. 3d 17, 21 (D. Mass. 2016) ("Because no claims remain in this lawsuit, [p]laintiff's motion to remand or dismiss . . . is denied as moot."); *Yourke v. City & Cnty.*

*of San Francisco*, Civ. No. 03-03105, 2010 WL 3701789, at *6 (N.D. Cal. Sept. 16, 2010), *aff'd*, 473 F. App'x 725 (9th Cir. 2012) ("[T]here are no claims to remand, and [p]laintiff's [m]otion to [d]ismiss & [r]emand . . . is [denied] as moot."); *Uptergrove v. United States*, Civ. No. 08-0303, 2008 WL 2915074, at *1 (E.D. Cal. July 25, 2008) ("[The p]laintiff's motion to remand is currently moot because there is nothing to remand."); and

**WHEREAS** the Court finds that Grossberger's Motion to Remand is moot because no claims remain; and for other good cause shown;

**IT IS** on this 5th day of January, 2026 **ORDERED** as follows:

1. The Clerk's Office is directed to **REOPEN** this case for purposes of the Court considering Grossberger's Motion to Remand.

2. Grossberger's Motion to Remand (ECF No. 123) is **DENIED** as moot.

3. The Court will take no action with respect to any future filings by Grossberger in this case. *See Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) ("It is clear that Grossberger is unhappy with the District Court's decision to dismiss his case, and apparently he has made it his goal to change the Court's mind. But in the process, he has 'established a pattern of groundless and vexatious litigation.'").

4. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 123 and to **CLOSE** this case.

*/s/ Georgette Castner*
_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**